UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**BRYAN CLAYTON ROBERTS**          **CIVIL ACTION NO. 12-2775-P**

**VERSUS**                         **JUDGE WALTER**

**LEON L. EMANUEL, III., ET AL.**  **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed by pro se plaintiff Bryan Clayton Roberts ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on October 29, 2012. Plaintiff is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Plaintiff names Judge Leon L. Emanuel, III., Officer Paula Moreno, Latonya Hocker, Assistant District Attorney Geya D. Williams Prudhomme, and Attorney Wayne K Dishman as defendants.

Plaintiff claims he was convicted of molestation of a juvenile and sentenced to twenty (20) years imprisonment at hard labor without benefit of probation or parole. He claims his conviction was based on hearsay evidence and not physical evidence. He claims the victim's mother has a history of making unreliable and untrustworthy statements in court. He also claims the victim's mother has coerced her other children into making false allegations. Plaintiff claims that during his trial, the victim changed her story about being molested by

another man. He claims the victim's testimony is therefore unreliable and untrustworthy.

Plaintiff claims that during his grand jury proceedings on May 25, 2005, the victim stated another man had molested her and no investigation was conducted and no charges were ever filed against him. He claims this is a violation of his equal protection rights. He also claims the pattern of false allegations of sexual molestation was important to his defense.

Plaintiff claims Defendants failed to acknowledge that another crime was committed against the victim. He also claims Defendants failed to protect the victim.

Accordingly, Plaintiff seeks an investigation of his criminal conviction and Defendants and their credibility. He also seeks to have the other man investigated for his alleged molestation of the victim.

## LAW AND ANALYSIS

**Heck Claims**

Plaintiff is seeking injunctive relief for an alleged unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation or damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C.

§ 1983. See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking injunctive relief for civil rights violations under Section 1983; therefore, he must prove that his conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence have been invalidated.

**Criminal Investigation and Charges**

The refusal or failure of a law enforcement agency to investigate or seek criminal charges against an individual does not state a cognizable claim under 42 U.S.C. § 1983. The decision whether or not to bring criminal charges rests solely with the prosecutor. The court does not institute criminal prosecutions. Plaintiff does not have a constitutional right to have anyone criminally prosecuted. See U.S. v. Carter, 953 F.2d 1449, 1462 (5th Cir. 1992); Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990); Jefferies v. Allen, 2009 WL 536051 (W.D.La.). Accordingly, Plaintiff's claims lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

**Attorney Wayne K. Dishman**

Plaintiff claims his attorney Wayne K. Dishman provided him ineffective assistance during his criminal trial proceedings. Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra). Accordingly, Plaintiff's civil rights claim against Wayne K. Dishman should be dismissed as frivolous.

**Assistant District Attorney Geya D. Williams Prudhomme**

Plaintiff claims Assistant District Attorney Geya Prudhomme failed to acknowledge

that another man had previously molested the victim. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the assistant district attorney as quasi-judicial officer of the court and in the ordinary exercise of her quasi-judicial duties. Accordingly, Plaintiff's civil rights complaint against Assistant District Attorney Geya D. Williams Prudhomme should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks

v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims regarding his conviction be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's remaining civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d

1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 27th day of April 2015.

Mark L. Hornsby
U.S. Magistrate Judge